**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MARIA F. WALLACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-859-M |
| | § | |
| NEIMAN MARCUS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pursuant to the *Special Order No. 3-251,* this case has been automatically referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss and Brief in Support*, filed June 24, 2011 (doc. 11). Based on the relevant filings and applicable law, the motion to dismiss should be denied in part and granted in part, but Plaintiff should be given an opportunity to file an amended complaint.

## I. BACKGROUND

On April 26, 2011, Plaintiff Maria Wallace (Plaintiff) filed this *pro se* action against Neiman Marcus Corporation (Defendant). Her handwritten one-paragraph complaint simply alleges "employment discrimination" and requests a trial by jury and "monetary compensation equivalent to the Equal Employment Opportunity Commission (EEOC) discrimination charge." It does not specify the type of discrimination she alleges or contain any facts to support her claim. The attached Dismissal and Notice of Rights form states that the EEOC closed its file on Plaintiff's charge because it was unable to conclude that she established violations of the statutes. On the Civil Cover Sheet she submitted with her complaint, Plaintiff checked only the "Amer. w/Disabilities - Employment" box to describe her lawsuit.

On June 24, 2011, Defendant moved to dismiss what it contends are Plaintiff's claims under

Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f) (Title VII). Plaintiff filed a response objecting to service by electronic means but did not allege lack of proper service or otherwise address the merits of Defendant's motion. The issues are now ripe for consideration.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. at 1-3.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937,

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

### A. **Employer**

Defendant initially argues that Plaintiff's complaint should be dismissed because Plaintiff named as defendant an entity that does not exist, Neiman Marcus Corporation, rather than the entity that actually employed her, Neiman Marcus Group, Inc. (Mot. at 1, n. 1.)

Determination of whether a named defendant is an "employer" under Title VII involves a two-step process. *Muhammad v. Dallas County Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). First, a court must determine whether the defendant meets Title VII's definition of an employer, i.e., whether the defendant is a person, or an agent of a person, who is engaged in an industry affecting commerce and who has fifteen or more employees. *See id.*; 42 U.S.C. § 2000e(b). "If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant." *Muhammad*, 479 F.3d at 380. The

3

determination of whether a defendant is an employer "is necessarily a fact-specific inquiry and is therefore typically applied in a summary judgment context, in which a court is permitted to go beyond the pleadings and examine the state law and the evidence relevant to the employment relationship." *Id.* at 382.

At the motion-to-dismiss stage, the "issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claim." *Id.* at 379-80. If the plaintiff pleads enough facts to state a facially plausible claim, he survives a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. Defendant's response recognizes that Plaintiff's complaint alleges that she was employed by the named defendant. (Mot. at 4.) Because her allegations must be taken as true and viewed in the light most favorable to her, the complaint sufficiently states a plausible claim that the named defendant was her employer. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Defendant's motion to dismiss the complaint for failure to state a claim on this basis should be denied.

**B.    Title VII Claim**

Defendant moves to dismiss Plaintiff's claims for failure to state a plausible claim of employment discrimination on grounds that she does not allege any acts of discrimination or specify the basis for discrimination. (Mot. at 1.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of*

*Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. *See Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511.

Here, Plaintiff alleges "employment discrimination" but provides no facts showing that she is a member of a protected group, that she was qualified for the position at issue, that she suffered adverse employment action, or that she was treated less favorably than other similarly situated employees outside the protected group. Without sufficient factual allegations in the complaint showing discrimination, Plaintiff fails to state a claim of employment discrimination under Title VII or any other statute. Consequently, she has failed to state a plausible discrimination claim upon which relief can be granted.

### C.     **Opportunity To Amend**

"'Generally a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. American Airlines*, 416 Fed. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the

plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff objected to the manner of service of Defendant's motion, but she did not allege that she failed to receive the motion. Nevertheless, she has had a more limited opportunity to amend than the plaintiff in *Rodriguez*, and it does not appear that she has alleged her best case against Defendant. She should be allowed an opportunity to amend her complaint to allege sufficient facts to state an employment discrimination claim against Defendant.

### III. CONCLUSION

*Defendant's Rule 12(b)(6) Motion to Dismiss*, filed June 24, 2011, should be **DENIED** in part and **GRANTED** in part. Unless Plaintiff files an Amended Complaint that states a plausible claim of employment discrimination claim against Defendant within the fourteen days for objections to this recommendation, or a deadline otherwise set by the Court, her employment discrimination claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on this 4th day of November, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE