IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA F. WALLACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-859-M |
| | § | |
| NEIMAN MARCUS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Special Order No. 3-251,* this case has been automatically referred for pretrial management. Before the Court is *Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support*, filed December 9, 2011 (doc. 22). Based on the relevant filings and applicable law, the motion to dismiss should be denied.

**I. BACKGROUND**

On April 26, 2011, *pro se* Plaintiff Maria Wallace (Plaintiff) filed a handwritten one-paragraph complaint against Neiman Marcus Corporation (Defendant) that simply alleged "employment discrimination" under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f) (Title VII). (*See* doc. 3) On June 24, 2011, Defendant moved to dismiss Plaintiff's complaint, in relevant part, on grounds that it failed to state a claim upon which relief may be granted. (*See* doc. 11.) Finding that the complaint lacked sufficient factual allegations to state a plausible claim of employment discrimination under Title VII or any other statute, the Court recommended that the motion to dismiss be granted, but that Plaintiff be given an opportunity to file an amended complaint. (*See* doc. 18.) Because Plaintiff filed a response that also purported to amend her complaint on November 22, 2011 (*see* doc. 20), the Court deemed as moot the motion to dismiss and allowed her to proceed on the amended complaint (doc. 21).

The amended complaint clarifies Plaintiff's allegation that Defendant discriminated against her by denying her claim for worker's compensation and denying her the opportunity to view her original signed employment time cards, and that other employees were treated better than she. (Doc. 20 at 6.)  Attached to the amended complaint is an Equal Employment Opportunity Commission (EEOC) Intake Questionnaire. *Id.* at 12 (Exh. 6.)  The second page of the questionnaire recites Plaintiff's allegations that she was discriminated against on the basis of race and national origin (Brazilian), that Defendant retaliated against her because she was injured during a test, that she was denied worker's compensation benefits, that her supervisor told her that she needed to increase her production, that she was refused the opportunity to view her time cards, and that Hispanic employees were treated better. *Id.* at 16 (Exh. 8.)

Defendant now moves to dismiss the amended complaint on grounds that it also fails to state a claim upon which relief may be granted because it does not allege a protected category under Title VII.  (Mot. at 4).  Plaintiff has filed a response, and the issues are now ripe for consideration.

## II.  MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows motions to dismiss for failure to state a claim upon which relief can be granted.  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is well established that

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

3

570; *accord Iqbal*, 129 S. Ct. at 1950-51.

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. *See Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). Alleged facts must be sufficient to at least create an inference that the plaintiff was discriminated against because of a protected characteristic. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006). When a plaintiff sets out facts that do "not seem to have anything to do with" discrimination based on a protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6). *Id.*

Here, the attachments to Plaintiff's amended complaint are considered part of the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498.

4

The attachments show that she is alleging discrimination on the basis of race and national origin (Brazilian) and retaliation, and that she claims she was denied worker's compensation benefits, told she needed to increase production, denied an opportunity to review her time cards, and treated less favorably than other similarly situated Hispanic employees. (Doc. 22 at 16.) In her response to Defendant's motion, she attaches a second copy of her intake questionnaire that shows the name of a Hispanic employee she contends was treated better that is not visible on the copy attached to er complaint. (Doc. 24 at 9.)[2] The attachment to Plaintiff's amended complaint provides the very information about her alleged bases for discrimination that Defendant's motion contends is lacking. Liberally construing Plaintiff's *pro se* amended complaint, as the Court must, the alleged facts are sufficient to at least create an inference that she was discriminated against because of a protected characteristic.

### III.  CONCLUSION

Defendant's Rule 12(b)(6) motion to dismiss should be **DENIED**.

**SO RECOMMENDED** on this 13th day of February, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Also attached to her response is a copy of her Charge of Discrimination to the Texas Workforce Commission Civil Rights Division, which alleges discrimination on the basis of her race (white), national origin (Brazilian), age (57), and alleges retaliation because she filed a worker's compensation claim. *Id.* at 6. The charge alleges that she was forced to resign her position in addition to receiving a written warning for job performance and not being allowed to view her time records. *Id.*

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE